DOUGLAS E. OLSON (CSB# 38649)
dougolson@sandiegoiplaw.com
JAMES V. FAZIO, III (CSB# 183353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON (CSB# 243042)
trevorcoddington@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA  92130
Telephone:    (858) 792-3446
Facsimile:    (858) 792-3447

MATTHEW R. WIESE, OSB No. 070740
mwiese@davisrothwell.com
DAVIS ROTHWELL EARLE & XÓCHIHUA, P.C.
111 S.W. Fifth Avenue, Suite 2700
Portland, Oregon 97204-3650
Telephone:    (503) 222-4422
Facsimile:    (503) 222-4428

Attorneys for Defendant
RADII FOOTWEAR, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **ADIDAS AMERICA, INC.** and **ADIDAS AG,** <br><br> Plaintiffs, <br><br> vs. <br><br> **RADII FOOTWEAR, INC.,** <br><br> Defendant. | CASE NO. CV-2011-258-MO <br><br> **DEFENDANT RADII FOOTWEAR, INC.'S ANSWER TO PLAINTIFFS ADIDAS AMERICA, INC. AND ADIDAS AG'S COMPLAINT** <br> (Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices) |

Defendant RADII FOOTWEAR, INC. ("Radii") responds to Plaintiffs ADIDAS

AMERICA, INC. and ADIDAS AG's (collectively, "adidas'") complaint in the above referenced

action (the "Complaint") as follows:

/ / /

1

## I.    INTRODUCTION

1.    RADII admits the allegations of paragraph 1.

2.    RADII admits that adidas has manufactured, sold, and promoted footwear bearing the Three-Stripe Mark, and that adidas purports to own one or more federal trademark registrations for the same.  RADII denies the remaining allegations of paragraph 2.

3.    RADII admits that its footwear is not manufactured by adidas.  RADII denies the remaining allegations of paragraph 3.

## II.    JURISDICTION AND VENUE

4.    RADII admits the Court's subject matter jurisdiction.  The remainder of paragraph 4 is denied.

5.    RADII admits that it has sold 7 pairs of shoes to individual residents of the State of Oregon.  RADII denies the remaining allegations of paragraph 5.

6.    RADII denies the allegations of paragraph 6.

## III.    THE PARTIES

7.    RADII lacks sufficient information to form a belief as to the truth of the allegations of paragraph 7, and on that basis denies them.

8.    RADII lacks sufficient information to form a belief as to the truth of the allegations of paragraph 8, and on that basis denies them.

9.    RADII admits that its principal place of business is located at 5521 Schaefer Avenue, Chino, California 91710.  RADII denies the remaining allegations of paragraph 9.

## IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

10.    RADII lacks sufficient information to form a belief as to the truth of the allegations of paragraph 10, and on that basis denies them.

11.    RADII lacks sufficient information to form a belief as to the truth of the allegations of paragraph 11, and on that basis denies them.

/ / /

/ / /

2

12.     RADII admits that adidas purports to own federal trademark registration, Reg. No. 1,815,956.  RADII lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 12, and on that basis denies them.

13.     RADII admits that adidas purports to own federal trademark registration, Reg. No. 1,833,868.  RADII lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 13, and on that basis denies them.

14.     RADII admits that adidas purports to own federal trademark registration, Reg. No. 2,278,589.  RADII lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 14, and on that basis denies them.

15.     RADII admits that adidas purports to own federal trademark registration, Reg. No. 3,029,129.  RADII lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 15, and on that basis denies them.

16.     RADII admits that adidas purports to own federal trademark registration, Reg. No. 3,029,135.  RADII lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 16, and on that basis denies them.

17.     RADII admits that adidas purports to own the additional federal trademark registrations listed in paragraph 17.  RADII lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 17, and on that basis denies them.

18.     RADII admits that adidas purports to own federal trademark registration, Reg. No. 1,674,229.  RADII lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 18, and on that basis denies them.

19.     RADII lacks sufficient information to form a belief as to the truth of the allegations of paragraph 19, and on that basis denies them.

20.     RADII lacks sufficient information to form a belief as to the truth of the allegations of paragraph 20, and on that basis denies them.

21.     RADII lacks sufficient information to form a belief as to the truth of the allegations of paragraph 21, and on that basis denies them.

22.    RADII lacks sufficient information to form a belief as to the truth of the allegations of paragraph 22, and on that basis denies them.

23.    RADII lacks sufficient information to form a belief as to the truth of the allegations of paragraph 23, and on that basis denies them.

## V.    DEFENDANT'S UNLAWFUL ACTIVITIES[1]

24.    RADII denies the allegations of paragraph 24.

25.    RADII denies the allegations of paragraph 25.

26.    RADII denies the allegations of paragraph 26.

27.    RADII denies the allegations of paragraph 27.

28.    RADII denies the allegations of paragraph 28.

29.    RADII denies the allegations of paragraph 29.

30.    RADII denies the allegations of paragraph 30.

31.    RADII denies the allegations of paragraph 31.

32.    RADII denies the allegations of paragraph 32.

33.    RADII admits that it has communicated with adidas regarding this dispute, and that the parties have not been able to resolve this dispute.  RADII denies the remaining allegations of paragraph 33.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

34.    RADII repeats and incorporates by reference its responses to paragraphs 1-33 of the Complaint.

35.    RADII denies the allegations of paragraph 35.

36.    RADII denies the allegations of paragraph 36.

37.    RADII denies the allegations of paragraph 37.

38.    RADII denies the allegations of paragraph 38.

---

[1] For clarity, this Answer adopts the same headings used in adidas' Complaint.  The headings are not intended to be admissions.

4

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

39.    RADII repeats and incorporates by reference its responses to paragraphs 1-38 of the

Complaint.

40.    RADII denies the allegations of paragraph 40.

41.    RADII denies the allegations of paragraph 41.

42.    RADII denies the allegations of paragraph 42.

43.    RADII denies the allegations of paragraph 43.

## THIRD CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

44.    RADII repeats and incorporates by reference its responses to paragraphs 1-43 of the

Complaint.

45.    RADII denies the allegations of paragraph 45.

46.    RADII denies the allegations of paragraph 46.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

47.    RADII repeats and incorporates by reference its responses to paragraphs 1-46 of the

Complaint.

48.    RADII denies the allegations of paragraph 48.

49.    RADII denies the allegations of paragraph 49.

50.    RADII denies the allegations of paragraph 50.

51.    RADII denies the allegations of paragraph 51.

## FIFTH CLAIM FOR RELIEF
### (Federal Trademark Dilution)

52.    RADII repeats and incorporates by reference its responses to paragraphs 1-51 of the

Complaint.

53.    RADII lacks sufficient information to form a belief as to the truth of the allegations

of paragraph 53, and on that basis denies them.

54.    RADII denies the allegations of paragraph 54.

5

55.      RADII denies the allegations of paragraph 55.

56.      RADII denies the allegations of paragraph 56.

## SIXTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury to Business Reputation)

57.      RADII repeats and incorporates by reference its responses to paragraphs 1-56 of the Complaint.

58.      RADII lacks sufficient information to form a belief as to the truth of the allegations of paragraph 58, and on that basis denies them.

59.      RADII denies the allegations of paragraph 59.

60.      RADII denies the allegations of paragraph 60.

## PRAYER FOR RELIEF

RADII denies that adidas is entitled to any relief sought in its Prayer for Relief or any relief.

## AFFIRMATIVE DEFENSES

RADII asserts the following affirmative defenses to the claims contained in the Complaint:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

61.      adidas' claims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver/Acquiescence)

62.      adidas' claims are barred by the doctrines of waiver and/or acquiescence.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

63.      adidas' claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel)

64.      adidas' claims are barred by the doctrine of equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

65.      adidas' claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE
**(Functional Use)**

66.     The product features of which adidas complains are non-actionable, functional or aesthetic features of Radii's footwear that constitute the actual benefit(s) that consumers wish to purchase, and that are being merchandised on the basis of their intrinsic value, as distinguished from an assurance or representation that adidas made, sponsored, or endorsed the accused products. In fact, the accused products are labeled with the word "Radii."

## SEVENTH AFFIRMATIVE DEFENSE
**(Right to Assert Additional Defenses)**

67.     RADII reserves the right to assert additional defenses or claims as it obtains additional facts through discovery or other means.

## VI.    PRAYER FOR RELIEF

Wherefore, Defendant RADII FOOTWEAR prays for judgment that:

1.      the Complaint be dismissed with prejudice;

2.      Plaintiffs' claims for relief be denied;

3.      Plaintiffs take nothing by their Complaint;

4.      RADII be adjudged not to have engaged in federal trademark infringement as alleged in the Complaint;

5.      RADII be adjudged not to have engaged in federal unfair competition as alleged in the Complaint;

6.      RADII be adjudged not to have engaged in unfair and deceptive trade practices as alleged in the Complaint;

7.      RADII be adjudged not to have engaged in common law trademark infringement and unfair competition as alleged in the Complaint;

8.      RADII be adjudged not to have engaged in federal trademark dilution as alleged in the Complaint;

9.      RADII be adjudged not to have engaged in state trademark dilution and injury to business reputation as alleged in the Complaint;

10.     RADII be awarded reasonable attorney's fees;

11.     RADII be awarded its cost of suit; and

12.     such other and further relief as the Court may deem just and proper.

Dated:  April 18, 2011                SAN DIEGO IP LAW GROUP LLP


By:/s/James V. Fazio, III
            JAMES V. FAZIO, III


Dated:  April 18, 2011                DAVIS ROTHWELL EARLE & XÓCHIHUA, P.C.


By:    /s/Matthew R. Wiese
            MATTHEW R. WIESE, OSB No. 070740

Attorneys for Defendant
RADII FOOTWEAR, INC.

8